UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-385-GWU

CHRISTINE COMBS, PLAINTIFF,

VS.   **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

### INTRODUCTION

Counsel for the plaintiff has filed a motion for an award of attorney's fees under 28 U.S.C. § 2412(d), the Equal Access to Justice Act (EAJA), seeking $150.00 per hour for 35.80 hours of work on his successful appeal. The defendant objects to the hourly rate and to the number of hours requested.

### APPLICABLE LAW

A court must calculate an award of fees under EAJA "based on prevailing market rates for the kind and quality of the services performed." 28 U.S.C. § 2412(d)(2). There is a statutory <u>cap</u> of $125.00 per hour for the legal services, but a court is free to award reasonable fees at any hourly rate below the cap. <u>Kerin v. U.S. Postal Service</u>, 218 F.3d 185 (2nd Cir. 2000). Additionally, cost of living and "special factors" may justify increasing the rate <u>above</u> the cap. 28 U.S.C. § 2412(d)(2).

1

08-385  Christine Combs

Reasonable fees are those, according to the Supreme Court, "in line with those prevailing in the community for similar services . . . of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984). In making this determination, a court can look to evidence of legal fees charged in the same geographic area for the pertinent area of practice, as well as take judicial notice of the historical fee reimbursement rate in the district. London v. Halter, 134 F.Supp. 2d 940, 941-942 (E.D. Tenn. 2001).  Nevertheless, the community or geographic area concept is fluid--the Sixth Circuit Court of Appeals has also discussed "prevailing market rates" as involving the metropolitan area in which another Social Security appeal was brought. Chipman v. Secretary of Health and Human Services, 781 F.2d 545, 547 (6th Cir. 1986).  In addition, the Supreme Court has noted that the existence of the statutory cap (currently $125.00) on EAJA fees suggests that Congress thought this amount sufficient reimbursement for lawyers' fees, even if it should happen that "market rates" for all lawyers in the nation were higher.  Pierce v. Underwood, 487 U.S. 552, 572 (1988), citing 28 U.S.C. § 2412(d)(2)(A)(ii) ("attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.") (emphasis added).[1]  The burden is on the plaintiff to provide

---

[1] At the time of Pierce, the cap was $75.00.  487 U.S. at 555.

2

evidence that the rates he requests are in line with appropriate community rates. Blum, 465 U.S. at 895.

After the Court considers the prevailing market rate issue, it must next consider whether an increase in the fee level above the cap is justified based on cost of living increases. Begley v. Secretary of Health and Human Services, 966 F.2d 196, 200 (6th Cir. 1992). Adjustments for increases in the Consumer Price Index are left to the discretion of the district court; there will be no abuse of discretion in refusing to award a cost of living-related increase, however, even if cost of living has risen since the EAJA hourly rate levels were set by statute. Id.

In its discretion, a court may also determine to issue an award of fees exceeding the statutory cap if a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher rate. 28 U.S.C. § 2412(d)(2)(A). However, this term has been fairly narrowly interpreted by the Supreme Court. Pierce v. Underwood, 108 S.Ct. 2541, 2544 (1988) (referencing an example of patent attorneys and stating that special factors cannot be applicable to a broad spectrum of litigation). Social Security benefit practice as a whole is not beyond the grasp of a competent practicing attorney and is not necessarily a practice specialty on the level which might justify fee enhancement. Chynoweth v. Sullivan, 920 F.2d 648, 650 (10th Cir. 1990).

08-385  Christine Combs

## DISCUSSION

Counsel has submitted an affidavit from another attorney in an attempt to show that the prevailing market rate is now higher than $125.00 per hour, along with attachments reflecting such awards in the Frankfort Division of this court, and in the Louisville Division of the Western District of Kentucky.  Neither of the awards directly reflects the prevailing market rate in the more rural Southern Division of the Eastern District.  Moreover, in the Frankfort case, the order specifically noted that the departure from the $125.00 EAJA cap was justified because of a novel issue in the case.  <u>Watts v. Social Security Administration</u>, Civil Action No. 3:02-34-JMH (E.D. Ky. January 24, 2003).  The undersigned is not aware of any recent awards in excess of $125.00 per hour in the Southern Division.[2]  Therefore, the materials submitted are unpersuasive.

Regarding the number of hours claimed, the defendant maintains that it was unreasonable for counsel to spend 23 hours reviewing the file and preparing a motion for summary judgment, and requests a reduction to 15 hours.  Considering the length (490 pages) and complexity of the medical records in this case, and the success of counsel's arguments, the court finds no basis for a reduction in hours.

---

[2]"Most, if not all, judges in the Eastern District of Kentucky now award fees in similar cases at a rate of $125 per hour."  <u>Rosenthiel v. Astrue</u>, Civil Action No. 2:08-231-DCR (E.D. Ky. September 22, 2009).

4

08-385  Christine Combs

## ORDER

Therefore, the court being sufficiently advised,

IT IS HEREBY ORDERED that the Motion for Payment of Attorney Fee, Docket Entry No. 16, is GRANTED in part and DENIED in part; counsel for the plaintiff is awarded EAJA fees in the amount of $4,475.00 (35.8 hours x $125.00 per hour).

This the 9th day of December, 2009.

Signed By:

_G. Wix Unthank_ *GWU*

**United States Senior Judge**

5